**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

     v.

CYNTHIA MIRACLE,

       Defendant.

CASE NO.: 4:18-cr-260

## O R D E R

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 ("coronavirus") pandemic.  Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to alter their place of confinement.  Defendant Cynthia Miracle has filed such a motion, a Motion to Reduce Sentence wherein she asks that the Court reduce her sentence to time served or release her to home confinement, (doc. 1361). The Court is not unsympathetic to Miracle's concerns.  However, her concerns do not warrant the extraordinary relief she seeks. Thus, for the reasons set forth below, **the Court DENIES her Motion to Reduce Sentence, (**id**).**

## BACKGROUND

After Miracle pleaded guilty to conspiracy to distribute a quantity of methamphetamine, the Court sentenced her to sixty-five months' imprisonment on May 2, 2019.  (Doc. 729.)  Miracle is currently serving that sentence at FCI Greenville located in Greenville, Illinois, with a projected release date of September 5, 2023.  (Doc. 1368, p. 2.)  On October 6, 2020, Miracle filed a Motion to Reduce Sentence asking that the Court reduce her sentence to time served or order that she serve the remainder of her sentence on home confinement.  (Doc. 1361.)  The United States has

responded in opposition to Miracle's Motion, (doc. 1368), and Miracle has supplemented her Motion, (doc. 1375).

## DISCUSSION

### I.      Defendant's Request to be Released to Home Confinement

Designation of an inmate's place of confinement rests within the absolute discretion of the Bureau of Prisons ("BOP").  Pursuant to 18 U.S.C. § 3621, "[a] person who has been sentenced to a term of imprisonment . . .  shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ."  18 U.S.C. § 3621(a).  This statute gives the BOP the exclusive authority to designate the place of imprisonment of any prisoner.  Id. at § 3621(b).  The United States Supreme Court has interpreted this statute to mean that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence."  United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); see also United States v. Smalley, No. 1:13-CR-010, 2015 WL 5001189, at *1 (S.D. Ga. Aug. 21, 2015) ("the 'primary authority to designate defendant's manner and place of confinement at any stage during execution of [his] prison sentence rests with the Bureau of Prisons, not with the Court'") (quoting United States v. Morales–Morales, 985 F. Supp. 229, 231 (D.P.R. 1997)); Brown v. Atkinson, No. 09–23555–Civ, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program.") (cited sources omitted).

Recent developments surrounding the COVID-19 pandemic have not taken decisions regarding placement in home confinement outside the purview of the BOP.  A Memorandum from the Attorney General directs the Director of the Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection

with the ongoing COVID-19 pandemic." <u>See</u> Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited October 5, 2020).  As explained by the Honorable Lisa Godbey Wood of this Court:

> On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, <u>see</u> 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g).  Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."  On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations."

<u>United States v. Allen</u>, No. CR 214-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020).  "[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release."  <u>Id.</u> at *1.  To effectuate the Attorney General's March 26, 2020 and April 3, 2020 memoranda, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c).  <u>See</u> <u>Allen</u>, 2020 WL 2199626, at *1.  Neither Section 3624(c)(2) nor Section 60541 vests the Court with any authority to order the BOP to transfer a defendant to home confinement.  <u>Id.</u> (denying request for home confinement and explaining that statutes Attorney General is using to implement CARES Act "do not authorize a federal court to order the BOP to release a prisoner").  Thus, neither the Attorney General's memoranda nor the statutes relied upon by the BOP to

effectuate the memoranda authorize the Court to order that Miracle serve the remainder of his sentence in home confinement.

For all of these reasons, the Court lacks the authority to grant Miracle's request that she be released to home confinement.  Only the BOP can grant her that relief, and she should, therefore, make her request to that agency and not this Court.  For this reason, the Court **DENIES** Defendant's request for release to home confinement.

## II.     Defendant's Construed Request for Compassionate Release

The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so.  18 U.S.C. § 3582(c)(1)(A)(i).  Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court.  The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release.  However, there are four prerequisites to a court's granting compassionate release under the First Step Act.  First, the defendant must have exhausted her administrative rights with the BOP.  Id. Second, the court must find that "extraordinary and compelling reasons warrant" release.  18 U.S.C. § 3582(c)(1)(A)(i).  Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  "The defendant generally bears the burden of establishing that compassionate release is warranted."  United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Miracle compassionate release and reduce her sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community.   U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018).   The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances.   Id. at § 1B1.13 cmt. n.1(A)–(C).   A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.   Id. at § 1B1.13 cmt. n.1(D).

In this case, the only category into which Miracle may possibly fall is a qualifying medical condition.   To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and . . . he or she is not expected to recover [from it]."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1(a)(i).   The Government concedes that Miracle suffers from hypertension and obesity.  (Doc. 1367, p. 15.)   Further, the Government acknowledges that, according to the Centers for Disease Control, an obese person is at an increased risk of severe

illness from COVID-19 and that hypertension might increase the chance of such ilness.  (Id. at pp. 15—16.)  See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on January 19, 2021).  However, the Government contends that Miracle has only exhausted her administrative remedies as to COPD, (doc. 1368, pp. 11—12),  and that she has failed to carry her burden of demonstrating that disease constitutes an extraordinary and compelling reason to grant her relief, (id. at p. 15).

The Court has reviewed the medical records attached to the Government's response and finds that Miracle's medical conditions combined with the COVID-19 pandemic present extraordinary and compelling reasons that could warrant relief under Section 3582(c)(1)(A). However, pretermitting the Government's valid concerns regarding exhaustion, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief.").  Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1.  the nature and circumstances of the offense and the history and characteristics of the defendant;
2.  the need for the sentence imposed –
    a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b.  to afford adequate deterrence to criminal conduct;

    c.    to protect the public from further crimes of the defendant; and

    d.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3.    the kinds of sentences available;

4.    the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];

5.    any pertinent policy statement ... by the Sentencing Commission;

6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Miracle's request for compassionate release. The lesser included offense Miracle pleaded guilty to is a serious crime for which Congress establishes a penalty of up to twenty years. Miracle already received a sentence well below that potential penalty and below the mandatory minimum sentence associated with the original count of the indictment which she avoided as a benefit of her plea agreement. Further, the Court sentenced her only approximately twenty months ago. Releasing her after that short period would not reflect the seriousness of her offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the Bureau of Prisons provides Miracle the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). While Miracle raises concerns about the medical treatment she is receiving and the conditions of her detention, the medical records attached to the Government's Response indicate that prison officials are attending to her medical needs, and the Government's Response also indicates that the BOP is taking measures to address COVID-19 in its facilities including Miracle's. Moreover, allowing Miracle to be released would create significant sentencing disparities between Miracle and other defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed

all of the Section 3553(a) factors and finds that they warrant the denial of her motion for compassionate release.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Defendant Cynthia Miracle's Motion to Reduce Sentence, (doc. 1361).

**SO ORDERED**, this 20th day of January, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA